IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Clayton Jones, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:22-cv-00611-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Ronaldo Myers, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Clayton Jones ("Petitioner"), a state pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 28, 2022. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Petitioner's Petition without requiring Respondent to file a return. (ECF No. 15). Petitioner was advised of his right to file objections to the Report within fourteen days. *Id*. at 8. However, Petitioner has failed to file any objections and the time in which to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the

1

face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 15), and incorporates it herein. Accordingly, because this court cannot interfere with Petitioner's pending state criminal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and because Petitioner has failed to exhaust his available state court remedies, Petitioner's § 2241 Petition is hereby **DISMISSED** and Respondent need not file a return thereto.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 29, 2022